FREDERICK F. LOWENFELS and Others, Copartners, Doing Business under Firm Name and Style of FREDERICK F. LOWENFELS & SON, Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, September, 1929.

*Goldsmith, Jackson & Brock* [*Arnold J. Brock* of counsel], for the plaintiffs.

*Arthur J. W. Hilly, Corporation Counsel* [*Sidney B. Schatkin* of counsel], for the defendant.

PRINCE, J. This is a motion by plaintiffs for a summary judgment.

The plaintiffs, under two written contracts, sold butter to the defendant and made delivery at various of the latter's charitable institutions. The price has been paid in full except a two per cent discount which the defendant deducted. The plaintiffs protest that the defendant is not entitled to this discount and seek to recover its amount.

The sole question involved here is an interpretation of the written contracts. They contain two provisions. The plaintiffs rely on the former, and the defendant on the latter.

First provision: " Cash Discount — The City of New York will pay within thirty days, *after due and proper delivery*, accompanied by invoices of all goods ordered under this proposal. Invoices *so* paid will be subject to a cash discount of 2% unless otherwise stated in the bid."

Without more, the plaintiffs would clearly be entitled to recover. Their claim is for the amount of the discount deducted on payments made more than thirty days after delivery.

Second provision: " The Commissioner shall, at the end of each calendar month during which supplies have been delivered and accepted, prepare an estimate of the quantity and value thereof at contract prices. Upon such estimate being approved by a certificate in writing, signed by him and filed in the office of the Comptroller, The City shall pay the Contractor the amount of such estimate. * * * Each of said estimates shall be binding and conclusive on the Contractor. * * * "

The defendant argues that because the city could not pay until the commissioner had filed his estimate and certificate with the comptroller, and because these estimates and certificates are required to be prepared and filed " at the end of the calendar month," the contract in its entirety must be read to entitle the defendant to a two per cent discount, if payment is made, not within thirty days after delivery, but within thirty days after the month of the delivery.

I am unable to agree with the city's construction. By the terms of the contract a reward of two per cent is offered if prompt payment is made. In unequivocal language, that prompt payment is fixed as thirty days from the date of the delivery. It is not for the court to substitute another contract for the parties and to say that payment within thirty days after the end of the month of the delivery is sufficient. Under such construction, the effect might be, with respect to deliveries made on the first of the month, that the city might pay within sixty days of delivery and yet be entitled to the discount.

It is to be borne in mind that the plaintiffs do not seek to penalize the city for a deferred payment. The contract price is fixed to a fraction of a cent per pound. The plaintiffs seek only a balance of the purchase price. It is the defendant which seeks a reduction on the ground that it has earned a premium by punctual payment.

If the defendant's construction were adopted, the first provision of the contract would be radically changed. The law is that a contract must, if possible, be so construed as to give effect to all of its

provisions, rather than to enlarge certain terms at the expense of others.

The first provision, upon which plaintiffs rely, is clear. The city does not earn its discount unless it pays within thirty days after delivery. The second provision, upon which the defendant relies, is not necessarily at variance. It stipulates a method of administration as between the commissioner and comptroller, for the payment of bills. The commissioner is required at the end of the month to prepare an estimate and file a certificate. It is not impossible for the commissioner to prepare and file his certificate on the last day of the month. The comptroller, if he desires to earn for the city the discount, may pay the following day. Such payment would insure to the city the discount on all deliveries made during the preceding month, including that made on the first of the preceding month, except possibly in case of a month having thirty-one days. Then the payment might be one day late. Undoubtedly even then it would be held in time, under the doctrine *de minimis*.

There remains to be considered only the claim of acquiescence by the plaintiffs in the interpretation which the defendant now puts upon these contracts. It is undoubtedly the law, and very probably would apply here, that where the language of a contract is susceptible of dual interpretations, the parties would be concluded by their own action thereon.

It is said in defendant's brief that the plaintiffs accepted the payments, with the two per cent deduction, without protest, and thereby acquiesced in defendant's assertion of its right thereto. The difficulty is that the motion papers do not sustain the defendant. It is alleged categorically, with respect to every item in dispute, that the " plaintiffs immediately protested this deduction, presented the same to the Comptroller of the City of New York but the Comptroller refused to adjust the same and rejected plaintiffs' claim." This is not denied. Therefore, the case must be determined by an interpretation of the contracts from their face, unaided by the parties' conduct thereunder. That there may have been other contracts of similar import between the parties at other times is of no moment. Besides, such fact is not presented by the papers.

Plaintiffs are awarded judgment against the defendant in the sum of $676.46.